# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANNY MURRAY,

    Plaintiff,

v.                                                No. 16-cv-0447 JCH/SMV

STAFF AT SOUTHWESTERN NEW MEXICO
CORRECTIONAL FACILITY,
BOB MIYAGASHEIMA,
LOUIS HERNANDEZ, K. HODGES,
FNU VIAZ, FNU SANCHEZ,
JAMES MULHERON,
SUSANA MARTINEZ, and GREG MARCANTEL,

    Defendants.

## SECOND ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's second Motion for Appointment of Counsel [Doc. 9], filed on June 16, 2016.[1] Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action.

He reports that he cannot afford to hire a lawyer for his case, lacks experience in law, has limited access to the law library, and feels the issues in the case are complex and his incarceration will greatly limit his ability to litigate. [Doc. 9] at 1. His motion to proceed *in forma pauperis* is pending. [Doc. 2]. He says that if the case goes to trial, he would need an attorney. *Id*. at 2. Finally, he attaches documentation of his requests for legal materials at the facility where he is incarcerated. *Id*. at 3–5. He argues that these requests demonstrate his

---

[1] The Court denied his first Motion for Appointment of Counsel, [Doc. 3], on May 19, 2016, [Doc. 8].

"limited ability to fully, and properly research the [statutes] and case law [which] is need to [prepare] for this case." *Id*. at 2.

The problem is that United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is still not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel (i.e., refer this case to the Court's pro bono panel). Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's second Motion for Appointment of Counsel [Doc. 9] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**