IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY MURRAY,

      Plaintiff,

vs.                                         No. CV 16-00447 JCH/SMV

STAFF AT SOUTHERN NEW MEXICO CORRECTIONAL
FACILITY, UNIT MANAGER BOB MIYAGASHEIMA,
CASEWORKER LOUIS HERNANDEZ, DEPUTY
WARDEN K. HODGES, C.O. VIAZ, C.O. SANCHEZ,
WARDEN JAMES MULHERON, GOVERNOR
SUSANA MARTINEZ, SECRETARY OF CORRECTIONS
GREG MARCANTEL,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Danny Murray on May 16, 2016. (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

Plaintiff Danny Murray is a prisoner incarcerated at the Southern New Mexico Correctional Facility on multiple state convictions for aggravated assault, aggravated battery, issuance of worthless checks, conspiracy to commit residential burglary, and conspiracy to commit larceny. *See* State of New Mexico cause nos. D-1333-CR-200400042, D-202-CR-201103479, D-1333-CR-201300047, D-1333-CR-201000077, and D-1333-CR-201000078. He brings this prisoner civil rights action pro se and *in forma pauperis.* His Complaint alleges violation of First, Fourth, Eighth, and Fourteenth Amendment rights and he seeks nine hundred

1

million dollars in damages under 42 U.S.C. § 1983. (Doc. 1 at 4, 7). Named as Defendants are the "staff at Southern New Mexico Correctional Facility," Unit Manager Bob Miyagasheima, Caseworker Louis Hernandez, Deputy Warden K. Hodges, Correctional Officer Viaz, Correctional Officer Sanchez, Warden James Mulheron, Governor Susana Martinez, and former Secretary of Corrections Greg Marcantel. (Doc. 1 at 1-3).

Claim I of the Complaint alleges "Discrimination Personal/Unsanitary Conditions" in violation of the Fourth and Eighth Amendment. Murray asserts that he was forced to use a rag/sheet as toilet paper and was denied on multiple occasions when he asked for toilet paper. (Doc. 1 at 4). He makes the following allegations against Defendants Hernandez, Miyagasheima, and Mulheron:

> "Caseworker Hernandez & Unit Manager Bob Miyagasheima & Co's on
> Duty I personal notified Co's & caseworker, unit manager always refuses
> To talk to me, but I'm sure Hernandez (caseworker) told him !!!. . .
> Warden is reading & answering grievances, so was aware."

(Doc. 1 at 4). Claim I contains no other factual allegations of individual conduct on the part of any Defendant.

Claim II asserts "mail-due process & discrimination personal & unsanitary conditions" in violation of Murray's First, Fourth, and Eighth Amendment rights. (Doc. 1 at 4). Murray claims that he has been discriminated against because he couldn't get a bar of soap for at least 3 weeks, and couldn't get any razor, shampoo, or deodorant for a month's time. He states he only had 7 cents in his inmate account, which gives him indigent status, and the "Warden is reading & answering grievances, so was aware." (Doc. 1 at 4). Claim II sets out no allegations of individual conduct other than the allegation that, because he was reading and answering grievances, the Warden was aware of the situation.

Last, the allegations of Claim III are for "deliberate indifference to a serious medical need" under the Eighth Amendment. (Doc. 1 at 5). Murray states that, when he came to the facility, he was on a no-meat diet because he has an unspecified medical condition that makes him allergic to processed meats. He alleges the processed meat has a label that reads "not for human consumption." He also claims that he has been denied medical treatment and medications for this condition. (Doc. 1 at 5). Claim III is devoid of any allegations of individual conduct by any of the named Defendants.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

4

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Murray's Complaint contains no allegations, whatsoever, of individual conduct by Deputy Warden K. Hodges, C.O. Viaz, C.O. Sanchez, Governor Susana Martinez, or Secretary of Corrections Greg Marcantel. The Complaint fails to state any claim for relief against those Defendants and the claims against them will be dismissed. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Nor may Southern New Mexico Correctional Facility be held vicariously liable for the conduct of unidentified "staff." *Ashcroft v. Iqbal,* 556 U.S. at 676. Moreover, Southern New Mexico Correctional Facility is not a "person" within the meaning of 42 U.S.C. § 1983 and,

5

therefore, there is no remedy against it under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The claims against Southern New Mexico Correctional Facility will also be dismissed.

As for Warden Mulheron, Unit Manager Miyagasheima, and Caseworker Hernandez, Murray alleges no more than that they knew, or he thinks they knew, about the alleged unsanitary conditions. He does not set out how any of them acted to violate any constitutional right. The allegations against Defendants Mulheron, Miyagasheima, and Hernandez are insufficient to state any plausible claim for relief under § 1983. *Trask v. Franco*, 446 F.3d at 1046; *Twombly,* 550 U.S. at 570.

The Complaint fails to state a claim for relief against any named Defendant. *Twombly,* 550 U.S. at 570. The Court will dismiss the claims against all Defendants and will grant Murray the opportunity to file an amended complaint specifying individuals and the individualized actions that he claims resulted in violation of his constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). If Murray does not file an amended complaint sufficient to state a claim for relief within the specified time, the Court may enter a final order of dismissal without further notice.

Also pending before the Court are Plaintiff Murray's First Request for Production of Documents (Doc. 10), Motion for Default Judgment (Doc. 14), and Motion for Default Judgment (Doc. 17). The Court will deny the two Motions for Default Judgment because none of the Defendants have been ordered to appear and answer and, therefore, none of the Defendants are in default. *See* Fed. R. Civ. P. 55(a). The Court will also deny the First Request for Production of Documents as moot in light of the dismissal of Murray's claims.

**IT IS ORDERED:**

(1)  Plaintiff Danny Murray's First Request for Production of Documents (Doc. 10), Motion for Default Judgment (Doc. 14), and Motion for Default Judgment (Doc. 17) are **DENIED**;

(2)  Plaintiff Murray's Prisoner's Civil Rights Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3)  Plaintiff Murray is **GRANTED** thirty (30) days from the date of entry of this Memorandum Opinion and Order to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE