IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY MURRAY,

    Plaintiff,

vs.                       No. CV 16-00447 JCH/SMV

STAFF AT SOUTHERN NEW MEXICO CORRECTIONAL
FACILITY, UNIT MANAGER BOB MIYAGASHEIMA,
CASEWORKER LOUIS HERNANDEZ, DEPUTY
WARDEN K. HODGES, C.O. VIAZ, C.O. SANCHEZ,
WARDEN JAMES MULHERON, GOVERNOR
SUSANA MARTINEZ, SECRETARY OF CORRECTIONS
GREG MARCANTEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff Danny Murray on May 16, 2016. (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, failure to comply with Court orders, and failure to prosecute. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

Plaintiff Danny Murray is a prisoner incarcerated at the Southern New Mexico Correctional Facility on multiple state convictions for aggravated assault, aggravated battery, issuance of worthless checks, conspiracy to commit residential burglary, and conspiracy to commit larceny. *See* State of New Mexico cause nos. D-1333-CR-200400042, D-202-CR-201103479, D-1333-CR-201300047, D-1333-CR-201000077, and D-1333-CR-201000078. He is proceeding pro se and *in forma pauperis.* In his Complaint, he claims violation of his First,

Fourth, Eighth, and Fourteenth Amendment rights and he seeks nine hundred million dollars in damages under 42 U.S.C. § 1983. (Doc. 1 at 4, 7). Murray names, as Defendants, the "staff at Southern New Mexico Correctional Facility," Unit Manager Bob Miyagasheima, Caseworker Louis Hernandez, Deputy Warden K. Hodges, Correctional Officer Viaz, Correctional Officer Sanchez, Warden James Mulheron, Governor Susana Martinez, and former Secretary of Corrections Greg Marcantel. (Doc. 1 at 1-3).

Claim I of Plaintiff Murray's Complaint alleges "Discrimination Personal/Unsanitary Conditions" in violation of the Fourth and Eighth Amendment. Murray asserts that he was forced to use a rag/sheet as toilet paper and was denied on multiple occasions when he asked for toilet paper. (Doc. 1 at 4). He makes the following allegations against Defendants Hernandez, Miyagasheima, and Mulheron:

> "Caseworker Hernandez & Unit Manager Bob Miyagasheima & Co's on duty I personal notified Co's & caseworker, unit manager always refuses to talk to me, but I'm sure Hernandez (caseworker) told him !!!. . . Warden is reading & answering grievances, so was aware."

(Doc. 1 at 4). Claim I contains no other factual allegations of individual conduct on the part of any Defendant.

Claim II asserts "mail-due process & discrimination personal & unsanitary conditions" in violation of Murray's First, Fourth, and Eighth Amendment rights. (Doc. 1 at 4). Murray claims that he has been discriminated against because he couldn't get a bar of soap for at least 3 weeks, and couldn't get any razor, shampoo, or deodorant for a month's time. He states he only had 7 cents in his inmate account, which gives him indigent status, and the "Warden is reading & answering grievances, so was aware." (Doc. 1 at 4). Claim II sets out no allegations of individual conduct other than the allegation that, because he was reading and answering grievances, the Warden was aware of the situation.

2

Last, the allegations of Claim III are for "deliberate indifference to a serious medical need" under the Eighth Amendment. (Doc. 1 at 5). Murray states that, when he came to the facility, he was on a no-meat diet because he has an unspecified medical condition that makes him allergic to processed meats. He alleges the processed meat has a label that reads "not for human consumption." He also claims that he has been denied medical treatment and medications for this condition. (Doc. 1 at 5). Claim III is devoid of any allegations of individual conduct by any of the named Defendants.

On February 10, 2017, the Court entered a Memorandum Opinion and Order dismissing Plaintiff's claims without prejudice for failure to state a claim for relief and granting him leave to file an amended complaint within 30 days. (Doc. 20). The Court also advised Plaintiff that, if he did not file an amended complaint within the 30 day period, the Court could enter a final order of dismissal without further notice. (Doc. 20 at 6). On March 6, 2017, Plaintiff Murray filed a Motion for Extension of Time to File an Amended Complaint. (Doc. 21). The Motion was an open-ended request that did not specify how much additional time Plaintiff needed to file the amended complaint. The only grounds given for the extension was "to afford petitioner an opportunity to receive and refile an amended complaint cause petitioner is not receiving his mail." (Doc. 21). On June 12, 2017, the Court denied Plaintiff Murray's Motion for Extension of Time, but granted Murray an additional 21 days to show cause why the case should not be dismissed with prejudice. (Doc. 22). The Order advised Plaintiff Murray that, if he did not show cause within 21 days of entry of the Order, the Court could dismiss this case with prejudice and without further notice. Murray did not file any amended complaint and did not respond to the Court's Order to Show Cause.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In deciding whether to dismiss the complaint, in whole or in part, the court is to allow the plaintiff a reasonable opportunity to remedy the defects in his pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). An opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with

fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

As the Court previously determined, the Complaint fails to state a claim for relief against any named Defendant. (Doc. 20). Murray's Complaint contains no allegations, whatsoever, of individual conduct by Deputy Warden K. Hodges, C.O. Viaz, C.O. Sanchez, Governor Susana Martinez, or Secretary of Corrections Greg Marcantel. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, the Southern New Mexico Correctional Facility may not be held vicariously liable for the conduct of unidentified "staff." *Ashcroft v. Iqbal,* 556 U.S. at 676. Moreover, Southern New Mexico Correctional Facility is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against it under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). As for Warden Mulheron, Unit Manager Miyagasheima, and Caseworker Hernandez, Murray alleges no more than that they knew, or he thinks they knew, about the alleged unsanitary conditions. He does not set out how any of them acted to violate any constitutional right. The allegations against Defendants Mulheron, Miyagasheima, and Hernandez are insufficient to state any plausible claim for relief under § 1983. *Trask v. Franco*, 446 F.3d at 1046; *Twombly,* 550 U.S. at 570.

Consistent with *Hall v. Bellmon,* 935 F.2d at 1109, Plaintiff was given the opportunity to amend his Complaint to remedy the defects in his pleading. Plaintiff was also advised that, if he failed to file an amended complaint, his Complaint could be dismissed with prejudice and without further notice. (Doc. 11 at 7). Murray did not file an amended complaint. Murray was also given an additional 21 days to show cause why the case should not be dismissed. (Doc. 22). Despite being given, in effect, a total period of five months to do so, Plaintiff has failed to file any amended complaint or otherwise explain to the Court why his Complaint should not be

dismissed. Plaintiff's Complaint (Doc. 1) fails to state a claim on which relief can be granted under both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 41(b), Plaintiff has also failed to comply with the Court's order to file an amended complaint, failed to comply with the Court's Order to Show Cause, and failed to prosecute this action. The Plaintiff's Complaint will, therefore, be dismissed with prejudice. Because the Court concludes that Plaintiff's Complaint fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court notifies Murray that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED:**

(1) Plaintiff Danny Murray's Prisoner's Civil Rights Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted, failure to comply with Court orders and failure to prosecute; and

(2) a **STRIKE** is imposed against Plaintiff Murray under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE